IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **MARY L. TRAYLOR** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:08cv139** |
| | | |
| **COMMISSIONER OF SOCIAL** | | |
| **SECURITY ADMINISTRATION** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Relying on Dr. Spence's deposition testimony that Plaintiff will never be able to do any lifting, pushing, pulling, climbing, or bending, Plaintiff asserts Plaintiff's health issues fluctuate daily and limit even minimal activity. Plaintiff further asserts she was not represented at the hearing and the ALJ failed to develop the evidence fully and fairly. Specifically, Plaintiff complains that the ALJ never presented a hypothetical question to the vocational expert. In addition, Plaintiff asserts the ALJ failed to consider Plaintiff's weakness, chronic fatigue, low blood pressure, sudden pain, and loss of consciousness which, according to Plaintiff, are serious non-exertional limitations that affect Plaintiff's residual functional capacity. Finally, Plaintiff asserts Dr. Spence explained that Plaintiff's adrenal insufficiency, if exacerbated,

can become critical and life threatening. Plaintiff states the ALJ did not understand the disease and its effect on Plaintiff's ability to work.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Court agrees with the Magistrate Judge that substantial evidence supports the Administrative Law Judge's determination that Plaintiff could perform light work. The Magistrate Judge outlined additional testimony from Dr. Spence wherein he stated that Plaintiff's medical problems were stable (Report and Recommendation at pg. 10).

Specifically, Dr. Spence testified that Plaintiff's adrenal insufficiency was stable with medication; goiter was stable; thyroid functions were normal; and pituitary adenomas were benign (*Id.*). As explained by the Magistrate Judge, Dr. Spence noted that Plaintiff had intermittent flares regarding her reflux disease, hiatal hernia, and arthralgias type symptoms, but that her flares were effectively treated with medications (*Id.*). The Magistrate Judge also noted that in response to Plaintiff's question of whether she could perform any work, Dr. Spence clarified that Plaintiff was not able to do any type of strenuous work, such as any type of significant weight lifting, pushing, pulling, climbing, and bending, but that she could perform light work activity (*Id.* at pgs. 10-11). Dr. Spence further clarified her statement and noted that activities requiring exertion of up to twenty pounds occasionally and ten pounds frequently are not considered strenuous work (*Id*. at pg. 11). The Magistrate Judge properly noted that Dr. Spence concluded Plaintiff's medical problems were adequately treated with medication and were stable, and her adrenal insufficiency should not cause any pain (*Id*.).

The Court also agrees with the Magistrate Judge that the ALJ was proper in not assigning controlling weight to a note from Dr. Spence regarding Plaintiff's ability to work. On a six-line "To

whom it may concern" note dated March 7, 2007, Dr. Spence wrote that Plaintiff was unable to work However, Dr. Spence's opinion is inconsistent with the evidence as a whole and with her own medical notes and testimony.

The ALJ relied on the vocational expert's testimony regarding the requirements of Plaintiff's past relevant work as described in the *Dictionary of Occupational Titles*, and consistent with the evidence of record found that Plaintiff's past relevant work did not require the performance of work-related activities precluded by her residual functional capacity. Contrary to Plaintiff's objections, the ALJ was not required to present a hypothetical question to the vocational expert to find that other work existed in significant numbers in the national economy that Plaintiff can perform.

Finally, Plaintiff asserts she was not represented at the hearing, and the ALJ did not fully develop the record regarding her residual functional capacity. In this case, the evidence of record includes a functional capacity assessment that states Plaintiff has the residual functional capacity to perform light work. In light of the evidence, the ALJ was not under an obligation to order a consultative evaluation.

What is more, the Court does not find the decision would have been different had Plaintiff been represented at the hearing. The Court agrees with the Magistrate Judge that the ALJ considered all the evidence and conducted a proper evaluation and that the ALJ's decision is supported by substantial evidence.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 4th day of December, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE